IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| E'YEN CARNAIL, | ) | CASE NO. 1:12 CV 1042 |
| | ) | |
| Petitioner, | ) | JUDGE WELLS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| MARGARET BRADSHAW, Warden, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] is the petition of E'Yen Carnail for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Carnail pled guilty to two counts of rape on November 3, 1999.[3] He was sentenced to two concurrent terms of life in prison with eligibility for parole in 10 years.[4] He was resentenced on July 21, 2010, with an additional notification that he would be required to serve five years of post-release control for each sentence.[5] He is presently incarcerated at the Richland Correctional Institution.[6] Carnail raises one ground for relief in

---

[1] This matter was referred to me under Local Rule 72.2 by United States District Judge Lesley Wells in a non-document order entered August 28, 2012.

[2] ECF # 1.

[3] ECF # 10-2 (state court record), at 33.

[4] *Id.*

[5] ECF # 10-3 (state court record), at 840.

[6] ECF #1; http://www.drc.ohio.gov/OffenderSearch/details.aspx?id=A378992.

a petition that the State asserts should be dismissed as a second and successive habeas petition. Alternatively, the State raises issues of timeliness[7] and argues further that Carnail's claim is non-cognizable under federal habeas as it involves the application of state procedural rules and Ohio case law, not constitutional rights.[8] Carnail has filed a traverse.[9]

For the reasons that follow, I will recommend a determination that the petition is a second and successive petition and that it be transferred to the Sixth Circuit for consideration of certification under 28 U.S.C. § 2244(b)(3)(A).

## Facts

### A.     Background facts, conviction, and sentence

The relevant background facts as determined by the state appeals court[10] are relatively straightforward. On January 12, 1999, Carnail signed a written statement at the East Cleveland Police Department admitting to touching the vaginas of his minor female cousins, ages six years old and nine years old.[11] In February, Carnail was indicted by the grand jury on four counts of rape, two counts of kidnaping with sexual motivation, and one count of

---

[7] ECF # 10 at 19.

[8] *Id.* at 26.

[9] ECF # 14.

[10] Facts found by the state appellate court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Mason v. Mitchell*, 320 F.3d 604, 614 (6th Cir. 2003) (citing *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981)).

[11] ECF # 10-2, at 380.

gross sexual imposition. All counts included sexually violent predator specifications.[12] Upon arraignment, Carnail pled not guilty.[13] Carnail then filed a preliminary motion to suppress his statement to the police.[14] On May 3, 1999, Carnail withdrew his former plea of not guilty and entered a plea of guilty for two counts of rape.[15] The sexual predator specifications were deleted, and the state then moved to dismiss counts three, four, five, and seven. In the plea, Carnail stipulated to the sexual predator designation.[16]

Subsequently, Carnail withdrew his guilty plea, was appointed new counsel, and the state court granted his motion to withdraw his guilty plea and set the matter for trial.[17] On August 16, 1999, Carnail filed a *pro se* "motion for dismissal and discontinuance non prosequitur."[18] On October 20, 1999, Carnail filed a *pro se* "motion to suppress confession in violation of Defendant's constitutional rights."[19] On October 27, 1999, through counsel,

---

[12] *Id.*

[13] *Id.*, at 17.

[14] *Id.*, at 18.

[15] *Id.*, at 19.

[16] *Id.*

[17] *Id.*, at 21.

[18] *Id.*, at 22.

[19] *Id.*, at 25.

Carnail filed another motion to suppress written and oral statements.[20] The state court denied Carnail's motion.[21]

On November 3, 1999, Carnail withdrew his former plea of not guilty and entered a plea of guilty to two counts of rape.[22] The sexually violent predator specifications were deleted and the remaining counts were nolled.[23] Then Carnail received a sentence of two concurrent terms of life in prison with eligibility for parole after 10 years.[24] He was also classified as a sexual predator pursuant to his plea stipulation.[25]

## B.    Delayed direct appeal

Carnail, *pro se*, filed an untimely notice of appeal[26] and a motion for leave to file a delayed appeal in the Ohio Court of Appeals for the Eighth Appellate District on December 4, 2000.[27] The appellate court granted his motion for leave to file a delayed appeal.[28]

---

[20] *Id.*, at 28.

[21] *Id.*, at 32.

[22] *Id.*, at 33.

[23] *Id.*

[24] *Id.*

[25] *Id.*, at 34.

[26] *Id.*, at 35.

[27] *Id.*, at 47.

[28] *Id.*, at 65.

On December 28, 2000, Carnail, *pro se*, filed a brief[29] asserting the following assignments of error:

1.     THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT PROCEEDED TO ACCEPT APPELLANT'S GUILTY PLEA WITHOUT HAVING JURISDICTION TO DO SO IN VIOLATION OF APPELLANT'S FIFTH, SIXTH, AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, ARTICLE I SECTIONS 5, 10 AND 16 OF THE OHIO CONSTITUTION CRIMINAL RULE 23(A), AND §2945.05 OF THE OHIO REVISED CODE DEPRIVING APPELLANT OF HIS RIGHT TO DUE PROCESS OF LAW, TRIAL BY JURY AND A FAIR TRIAL.[30]

2.     THE TRIAL COURT COMMITTED REVERSIBLE ERROR OF LAW IN FINDING APPELLANT TO BE A SEXUAL PREDATOR PURSUANT TO R.C. §2950.01 IN VIOLATION OF HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL AND DUE PROCESS AS GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTIONS.[31]

The State filed a brief in opposition to Carnail's assignments of error.[32]

On June 5, 2001, through counsel, Carnail filed a brief[33] asserting the following assignments of error:

---

[29] *Id.*, at 66.

[30] *Id.*, at 72.

[31] *Id.*, at 78.

[32] *Id.*, at 86.

[33] *Id.*, at 96.

-5-

1.    THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN ACCEPTING A PLEA FROM THE APPELLANT WHEN THE APPELLANT WAS NOT FULLY INFORMED AS TO ALL THE CONSEQUENCES OF SAID PLEA AND IN FAILING TO ADEQUATELY INQUIRE WHETHER APPELLANT'S PLEA WAS ENTERED VOLUNTARILY, INTELLIGENTLY AND KNOWINGLY.

2.    THE TRIAL COURT ERRED IN ACCEPTING THE STIPULATION OF THE PARTIES THAT THE DEFENDANT-APPELLANT BE DESIGNATED AS A "SEXUAL PREDATOR" FOR CLASSIFICATION AND REGISTRATION PURPOSES, BY NOT MAKING THE FACTUAL FINDINGS AND LEGAL CONCLUSION AS MANDATED BY O.R.C. 2950.09, ET.SEQ.

3.    THE DEFENDANT-APPELLANT TRIAL COURT RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL AND DEPRIVED HIM OF HIS RIGHT TO DUE PROCESS OF LAW BY STIPULATING TO A FINDING BY THE TRIAL COURT THAT CARNAIL WAS DEEMED TO BE A "SEXUAL PREDATOR" FOR CLASSIFICATION AND REGISTRATION PURPOSES PURSUANT TO O.R.C. 2950.09.[34]

The State filed a brief opposing Carnail's stated assignments of error.[35] Carnail, *pro se*, filed a reply brief.[36]

Additionally, on June 19, 2011, Carnail, *pro se*, filed an objection to the conduct of his appellate counsel,[37] and filed a motion to compel attorney John B. Gibbons to provide

---

[34] *Id.*, at 100.

[35] *Id.*, at 154.

[36] *Id.*, at 170.

[37] *Id.*, at 184.

Appellant with all records.[38] Carnail also filed a motion to preserve Appellant's *pro se* brief and assignments of error or in the alternative, re-submit said brief.[39] On October 10, 2001, the appellate court granted Carnail's motion to preserve appellant's *pro se* brief and assignments of error, or in the alternative, re-submit said brief.[40]

On November 8, 2001, the appellate court overruled all assigned errors,[41] finding that the arguments presented by Carnail's appellate counsel were without merit.[42] Additionally, they summarily rejected Carnail's *pro se* assignments of error.[43] Carnail then filed an application for reconsideration,[44] but the appellate court denied his motion.[45]

On December 14, 2001, Carnail, *pro se*, filed a timely notice of appeal in the Ohio Supreme Court.[46] In his jurisdiction memorandum, Carnail asserted the following propositions of law:

---

[38] *Id.*, at 212.

[39] *Id.*, at 221.

[40] *Id.*, at 230.

[41] *Id.*, at 233.

[42] *Id.*, at 232.

[43] *Id.*

[44] *Id.*, at 235.

[45] *Id.*, at 254.

[46] *Id.*, at 255.

1.    THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT PROCEEDED TO ACCEPT APPELLANT'S GUILTY PLEA WHERE IT LACKED JURISDICTION SUBJECT MATTER TO DO SO PURSUANT TO R.C. §2945.05 AND CRIM.N.R. 23(A) DEPRIVING APPELLANT OF HIS RIGHT TO DUE PROCESS OF LAW, TRIAL BY JURY AND A FAIR TRIAL.

2.    THE TRIAL COURT COMMITTED REVERSIBLE ERROR OF LAW IN FINDING APPELLANT TO BE A SEXUAL PREDATOR PURSUANT TO R.C. §2950.01 IN VIOLATION OF HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL AND DUE PROCESS AS GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTIONS.

3.    COURT APPOINTED COUNSEL, DONALD BUTLER, RENDERED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE OF COUNSEL AND DEPRIVED HIM OF HIS CONSTITUTIONAL RIGHT TO DUE PROCESS OF LAW BY ALLOWING APPELLANT TO STIPULATE TO BEING CLASSIFIED AS A "SEXUAL PREDATOR" FOR CLASSIFICATION AND REGISTRATION PURPOSES CONTRARY TO R.C. § 2950.09.[47]

The State filed a memorandum in response to jurisdiction on January 11, 2002.[48] On March 4, 2002, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question.[49]

**C.    Petition to vacate or set aside sentence**

---

[47] *Id.*, at 259.

[48] *Id.*, at 282.

[49] *Id.*, at 292.

-8-

On February 22, 2002, Carnail, *pro se*, filed a timely petition to vacate or set aside his sentence under Ohio Revised Code § 2953.21.[50] In his petition, Carnail asserted the following:

> CLAIM NUMBER ONE. Violation of Amendments 5 & 14.

> Supporting facts: Ineffective assistance of counsel and failure of due process.[51]

> CLAIM NUMBER 2. Violation of Amendment 14 requiring due process.

> Supporting facts: Counsel's failure to request a motion to suppress evidence, and failure to produce witnesses.[52]

The State filed a brief in opposition.[53] The state court denied the petition and issued findings of fact and conclusions of law.[54]

On June 9, 2000, Carnail, *pro se*, filed a timely notice of appeal in the Ohio Court of Appeals for the Eighth Appellate District.[55] In his brief, Carnail asserted the following assignments of error:

---

[50] *Id.*, at 293.

[51] *Id.*, at 294.

[52] *Id.*, at 295.

[53] *Id.*, at 303.

[54] *Id.*, at 312.

[55] *Id.*, at 320.

ASSIGNMENT OF ERROR I: APPELLANT WAS DEPRIVED OF HIS RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL BY COUNSEL'S FAILURE TO ADEQUATELY PREPARE FOR TRIAL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

ASSIGNMENT OF ERROR II: APPELLANT WAS DEPRIVED OF HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL BY TRIAL COUNSEL'S FAILURE TO REQUEST A MOTION TO SUPPRESS AND FAILED TO PRODUCE WITNESSES IN VIOLATION OF APPELLANT'S FIFTH AND FOURTEENTH AMENDMENT RIGHT TO THE UNITED STATES CONSTITUTION.

ASSIGNMENT OF ERROR III: APPELLANT WAS DEPRIVED EFFECTIVE ASSISTANCE OF COUNSEL BY TRIAL COUNSEL'S COERCIVE TACTICS TO EXTRACT A GUILTY PLEA FROM APPELLANT DENYING HIM HIS RIGHT TO A FAIR TRIAL AND DUE PROCESS OF LAW AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNTIED STATES CONSTITUTION.[56]

The State filed a brief in opposition.[57] Then Carnail moved to amend his brief to file additional affidavits, asserting that they were not in his possession at the time he had filed his original brief.[58] The appellate court granted that motion to amend.[59] On February 26,

---

[56] *Id*. at 334.

[57] *Id.*, at 351.

[58] *Id.*, at 374.

[59] *Id.*, at 949.

-10-

2001, the appellate court affirmed the trial court and found that Carnail's first and second assignments of error were without merit[60] and overruled his third assignment of error.[61]

On March 19, 2001, Carnail filed a *pro se* and timely notice of appeal to the Ohio Supreme Court.[62] In Carnail's memorandum in support of jurisdiction,[63] he asserted the following propositions of law:

> **Proposition of Law No. 1**: APPELLANT WAS DEPRIVED OF HIS RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL BY COUNSEL'S FAILURE TO ADEQUATELY PREPARE FOR TRIAL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
>
> **Proposition of Law No. 2**: APPELLANT WAS DEPRIVED OF THIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL BY TRIAL COUNSEL'S FAILURE TO PRODUCE WITNESSES IN BEHALF OF APPELLANT AFTER BEING INSTRUCTED TO DO SO IN VIOLATION OF APPELLANT'S FIFTH, SIXTH, AND FOURTEENTH AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION.
>
> **Proposition of Law No. 3**: APPELLANT WAS DEPRIVED EFFECTIVE ASSISTANCE OF COUNSEL BY TRIAL COUNSEL'S COERCIVE TACTICS TO EXTRACT A GUILTY PLEA FROM APPELLANT AND HIS FAILURE TO FILE A NOTICE OF APPEAL DENYING HIM HIS CONSTITUTIONAL RIGHT TO FAIR TRIAL AND DUE PROCESS.

---

[60] *Id.*, at 387.

[61] *Id.*, at 388.

[62] *Id.*, at 390.

[63] *Id.*, at 395.

-11-

**Proposition of Law No. 4**: THE COURT OF APPEALS ABUSED ITS DISCRETION IN ITS UPHOLDING OF THE TRIAL COURT'S DECISION BY NOT FINDING INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL, VIA FAILURE TO INTERVIEW WITNESSES, AND COERCIVE TACTICS ARE WITHIN THE PURVIEW OF REASONABLE REPRESENTATION IN VIOLATION OF APPELLANT'S SIXTH AND FOURTEENTH AMENDMENT RIGHTS.[64]

The state filed a memorandum in response.[65] On May 23, 2001, the Ohio Supreme Court declined jurisdiction to hear the case and dismissed the appeal as not involving any substantial constitutional question.[66]

**D.     First federal habeas corpus petition**

On July 15, 2002, Carnail filed his first *pro se* motion for a writ of habeas corpus under 28 U.S.C. § 2254.[67] Carnail asserted the following grounds for relief:

**GROUND ONE:** THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT PROCEEDED TO ACCEPT PETITIONERS GUILTY PLEA WHERE IT LACKED SUBJECT MATTER TO DO SO PURSUANT TO R.C. 2945.05 AND CRIM.R. 23(A) DEPRIVING PETITIONER HIS RIGHTS TO DUE PROCESS OF LAW, TRIAL BY JURY AND A FAIR TRIAL.

**GROUND TWO:** THE TRIAL COURT COMMITTED REVERSIBLE ERROR OF LAW IN FINDING PETITIONER TO BE A SEXUAL PREDATOR PURSUANT TO R.C. 2950.01 IN VIOLATION OF HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL AND DUE PROCESS AS GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTION.

---

[64] *Id.*, at 396.

[65] *Id.*, at 420.

[66] *Id.*, at 430.

[67] *Id.*, at 431. Applying the prison mailbox rule, this is the earliest date on which he could have delivered it to the prison officials for mailing and, therefore, the date it is considered to have been filed. *See*, *Houston v. Lack*, 487 U.S. 266, 270 (1988).

-12-

**GROUND THREE:** COURT APPOINTED COUNSEL, DONALD BUTLER RENDERED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE OF COUNSEL AND DEPRIVED PETITIONER OF HIS CONSTITUTIONAL RIGHT TO DUE PROCESS OF LAW BY ALLOWING PETITIONER TO STIPULATE TO BEING CLASSIFIED AS A "SEXUAL PREDATOR" FOR CLASSIFICATION AND REGISTRATION PURPOSES CONTRARY TO R.C. 2950.09.

**GROUND FOUR:** THE PETITIONER WAS DEPRIVED OF HIS RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL BY COUNSEL'S FAILURE TO ADEQUATELY PREPARE FOR TRIAL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

**GROUND FIVE:** PETITIONER WAS DEPRIVED OF HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL BY TRIAL COUNSELS FAILURE TO PRODUCE WITNESSES IN BEHALF OF APPELLANT AFTER BEING INSTRUCTED TO SO DO IN VIOLATION OF PETITIONERS FIFTH, SIXTH, AND FOURTEENTH AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION.

**GROUND SIX**: PETITIONER WAS DEPRIVED EFFECTIVE ASSISTANCE OF COUNSEL BY TRIAL COUNSELS COERCIVE TACTICS TO EXTRACT A GUILTY PLEA FROM PETITIONER AND HIS FAILURE TO FILE A NOTICE OF APPEAL DENYING HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL AND DUE PROCESS.

**GROUND SEVEN:** THE COURT OF APPEALS ABUSED ITS DISCRETION IN ITS UPHOLDING OF THE TRIAL COURTS DECISION BY NOT FINDING INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL, VIA TRIAL COUNSEL NEED NOT REVEAL TRIAL STRATEGY, FAILURE TO INTERVIEW WITNESSES, AND COERCIVE TACTICS ARE WITHIN THE PURVIEW OF REASONABLE REPRESENTATION IN VIOLATION OF PETITIONERS SIXTH AND FOURTEENTH AMENDMENT RIGHTS.[68]

---

[68] *Id.*, at 438.

-13-

On May 13, 2003, the magistrate judge issued a report and recommendation, recommending that Carnail's petition for a writ of habeas corpus be denied.[69] He decided that part of Carnail's sixth ground for relief was procedurally defaulted[70] and his seventh ground for relief was moot.[71] The magistrate judge then issued a recommendation that Carnail's remaining claims should be dismissed on the merits.[72] Carnail filed objections to the report and recommendation.[73] On July 7, 2006, the district court adopted the magistrate judge's report and recommendation and dismissed Carnail's habeas petition.[74]

On July 12, 2006, Carnail filed a motion to alter or amend judgment.[75] On August 2, 2006, the district court denied Carnail's motion to alter or amend judgment.[76] On September 5, 2006, Carnail filed a petition for a certificate of appealability.[77] The district court declined the petition.[78]

---

[69] *Id.*, at 465.

[70] *Id.*, at 480.

[71] *Id.*, at 475.

[72] *Id.*, at 489.

[73] *Id.*, at 491.

[74] *Id.*, at 499.

[75] *Id.*, at 512.

[76] *Id.*, at 949.

[77] *Id.*, at 517.

[78] *Id.*, at 527.

The United States Court of Appeals noted that Carnail failed to file a timely appeal and ordered him to show cause for late filing.[79] On December 26, 2006, Carnail filed a response to the court order alleging that he did try to mail a timely notice of appeal to the district court.[80]

Carnail then filed an application for a certificate of appealability with the United States Court of Appeals for the Sixth Circuit.[81] The United States Court of Appeals for the Sixth Circuit denied Carnail's application, finding that he did not make a substantial showing of the denial of a constitutional right.[82]

Then Carnail filed a petition for writ of certiorari with the United States Supreme Court, which was denied on February 19, 2008.[83]

---

[79] *Id.*, at 529.

[80] *Id.*, at 532.

[81] *Id.*, at 537.

[82] *Id.*, at 542.

[83] *Id.*, at 543.

**E.      2005 motion to vacate sentence**

On May 5, 2005, Carnail filed a *pro se* motion to vacate sentence under Ohio Revised Code § 2953.08(A)(4) and *Blakely v. Washington*[84] and also challenged the sentence imposed by the trial court.[85] The court denied his motion on May 17, 2005.[86]

On June 14, 2005, Carnail filed a *pro se* timely notice of appeal with the Eighth District Court of Appeals.[87] In his brief, Carnail asserted the following assignment of error:

> THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO VACATE HIS SENTENCE THAT WAS CONTRARY TO LAW IN VIOLATION OF O.R.C. 2953.08(A)(4) AND THE MANDATES EMBODIED IN THE RECENT CASE OF BLAKELY V. WASHINGTON, (2004), 124 S.CT. 2531 AND THE FOURTEENTH AMENDMENT UNDER THE UNITED STATES CONSTITUTION.[88]

The State filed a brief opposing that assignment of error.[89] On March 27, 2006, the appellate court affirmed the trial court's judgment and found that Carnail's petition was not timely filed.[90]

---

[84] *Blakely v. Washington*, 542 U.S. 296 (2004).

[85] *Id.*, at 544.

[86] *Id.*, at 555.

[87] ECF # 10-3 (state court record), at 556.

[88] *Id.*, at 579.

[89] *Id.*, at 589.

[90] *Id.*, at 644.

-16-

Carnail then filed a *pro se* timely notice of appeal with the Ohio Supreme Court on April 20, 2006.[91] The Supreme Court of Ohio denied Carnail's leave to appeal and dismissed the appeal as not involving any substantial constitutional question.[92]

## F.     2008 motion to withdraw guilty plea pursuant to Criminal Rule 32.1

Carnail filed a *pro se* motion to withdraw his guilty plea in the Cuyahoga County Court of Common Pleas on July 9, 2008.[93] He argued that his guilty plea should not have been accepted because it was not knowingly, voluntarily, and intelligently made. He also argued that he was not advised about mandatory post-release control for each count and that the penalties for violating such post-release control were not explained to him.[94] The State filed a brief in opposition to Carnail's motion to withdraw his guilty plea.[95] The Court denied Carnail's motion to withdraw his guilty plea on July 21, 2008.[96]

On August 11, 2008, Carnail filed a *pro se* timely notice of appeal with the Ohio Court of Appeals for the Eighth District.[97] The appellate court sua sponte dismissed the

---

[91] *Id.*, at 646.

[92] *Id.*, at 648.

[93] *Id.*, at 649.

[94] *Id.*, at 655.

[95] *Id.*, at 658.

[96] *Id.*, at 665.

[97] *Id.*, at 666.

-17-

appeal as *res judicata* on October 8, 2008.[98] Then, on October 22, 2008, Carnail filed a *pro se* motion for reconsideration instanter.[99] The appellate court denied the motion for reconsideration on October 23, 2008.[100] Carnail did not appeal to the Supreme Court of Ohio.

## G.    Motion to correct illegal sentence

Carnail filed a *pro se* motion to correct an illegal sentence with the Cuyahoga County Court of Common Pleas on November 19, 2008.[101] In his motion, he argued that his sentencing entry was silent as to an imposition of post-release control, and, therefore, he should have his sentence vacated and a re-sentencing hearing held.[102] The trial court denied Carnail's motion on December 9, 2008.[103]

On January 8, 2009, Carnail filed a *pro se* timely notice of appeal with the Ohio Court of Appeals for the Eighth Appellate District.[104] In his brief, Carnail asserted the following assignment of error:

---

[98] *Id.*, at 690.

[99] *Id.*, at 691.

[100] *Id.*, at 693.

[101] *Id.*, at 694.

[102] *Id.*, at 698.

[103] *Id.*, at 699.

[104] *Id.*, at 700.

> The trial court erred when the court failed to conduct a new sentencing hearing and correct the original sentencing order according to Ohio law.[105]

On March 4, 2009, the court of appeals sua sponte dismissed the appeal as *res judicata*.[106] Carnail did not file an appeal in the Supreme Court of Ohio.

## H.    Writ of mandamus

On June 25, 2009, Carnail filed a *pro se* petition for a writ of mandamus in the Eighth District Court of Appeals for Cuyahoga County.[107] He alleged that because mandatory post-release control language was not included in his sentence, the sentence was void and must be vacated.[108] He then asked the court to issue a writ of mandamus requiring the trial court to conduct a new sentencing hearing to impose post-release control.[109] The respondents filed a motion to dismiss.[110] Carnail opposed the motion to dismiss.[111] The appellate court granted the motion to dismiss on August 4, 2009.[112] The court determined that Carnail had

---

[105] *Id.*, at 718.

[106] *Id.*, at 733.

[107] *Id.*, at 734.

[108] *Id.*, at 736.

[109] *Id.*, at 737.

[110] *Id.*, at 747.

[111] *Id.*, at 753.

[112] *Id.*, at 763.

an adequate remedy at law, and the trial court order was a final appealable order denying

Carnail's motion to correct the illegal sentence on December 9, 2008.[113]

On September 11, 2009, Carnail filed a *pro se* timely notice of appeal in the Supreme

Court of Ohio[114] and asserted the following propositions of law:

> **PROPOSITION OF LAW NO. 1.** The court of appeals erred when it
> determined the Appellant had an adequate remedy of law, by appeal and
> mandamus will not lie to compel the trial judge to issue a final appealable
> order from a void sentencing order.

> **PROPOSITION OF LAW NO. 2.** The court of appeals erred when it
> addressed the wrong judgment entry concerning a final order.[115]

The appellee filed a brief in opposition.[116] The Ohio Supreme Court reversed the

appellate court's judgment and granted a writ of mandamus compelling the trial court to issue

a sentencing entry that complies with the post-release control provisions of Ohio Revised

Code § 2967.27 on June 16, 2010. The court reasoned that Carnail's sentence was required

to include a five-year term of post-release control, and the 1999 sentencing entry was void

for failing to include the term of post-release control and, therefore, was not a final

appealable order.[117]

---

[113] *Id.*, at 768.

[114] *Id.*, at 770.

[115] *Id.*, at 783.

[116] *Id.*, at 814.

[117] *Id.*, at 834.

. **2010 re-sentencing and motion to withdraw guilty plea**

Before his 2010 re-sentencing, Carnail filed a *pro se* motion to withdraw his guilty plea.[118] On July 15, 2010, Carnail, with counsel, returned for a re-sentencing hearing and the court heard argument on his motion to withdraw his guilty plea.[119] The court denied Carnail's motion to withdraw his guilty plea.[120] The trial court then sentenced Carnail to concurrent life terms on the two rape counts and informed Carnail that he would be eligible for parole after serving 10 years.[121] The court further informed Carnail that he would be required to serve five years of post-release control for each sentence and of the consequences of violating his post-release control conditions.[122]

On August 20, 2010, Carnail filed a timely notice of appeal with the Ohio Court of Appeals for the Eighth Appellate District.[123] Carnail asserted the following assignments of error:

> **ASSIGNMENT OF ERROR I**: THE TRIAL COURT'S PLEA COLLOQUY WAS INSUFFICIENT AND THE GUILTY PLEAS MUST BE VACATED.
>
> **ASSIGNMENT OF ERROR II**: THE TRIAL COURT ERRED IN NOT PERMITTING MR. CARNAIL TO WITHDRAW HIS GUILTY PLEA IN

---

[118] *Id.*, at 839.

[119] *Id.*, at 840.

[120] *Id.*

[121] *Id.*

[122] *Id.*

[123] *Id.*, at 842.

-21-

LIGHT OF HIS REPRESENTATIONS THAT HIS PLEA WAS BASED ON MISINFORMATION FROM COUNSEL. ALTERNATIVELY, AN EVIDENTIARY HEARING SHOULD HAVE BEEN CONDUCTED IN THIS REGARD.

The State filed a brief in opposition.[124] On July 14, 2011, the court of appeals affirmed the trial court's judgment and held that Carnail's 2010 motion to withdraw his guilty plea was barred by *res judicata*.[125]

Carnail, with counsel, filed a timely notice of appeal with the Supreme Court of Ohio on August 29, 2011.[126] He asserted the following propositions of law:

**Propositions of Law I and II:**

A holding from the Supreme Court of Ohio that a sentence is void is the law of the case and cannot be ignored on remand, even when the Ohio Supreme Court subsequently holds in a different case that the same sentence is not void.

A motion to withdraw a guilty plea made prior to the imposition of a complete sentence is a presentencing motion that should be liberally granted under Crim. R.32.1.

**Propositions of Law III and IV:**

Principles of res judicata and collateral estoppel do not preclude a trial court from considering a motion to withdraw a plea of guilty when a case has been remanded from an appellate court because the sentence has never been fully imposed.

---

[124] *Id.*, at 874.

[125] *Id.*, at 898.

[126] *Id.*, at 901.

Principles of res judicata and collateral estoppel do not preclude a trial court from considering a motion to withdraw a plea of guilty that is based, even in part, on issues not previously raised on direct appeal.

*Proposition of Law V:*

A plea colloquy that makes no mention of the possible fine that could be imposed is insufficient as a matter of law.

*Proposition of Law VI:*

A plea colloquy that fails to advise the defendant regarding the maximum post-release control term is insufficient as a matter of law.

*Proposition of Law VII:*

When a motion to withdraw a guilty plea is premised upon representations that trial counsel mis-advised the defendant prior to the entry of the plea, a trial court must hold a hearing to determine if the defendant was denied the effective assistance of counsel.[127]

On November 16, 2011, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question.[128] Carnail filed a motion for reconsideration,[129] but the Court denied his motion.[130]

---

[127] *Id.*, at 904-05.

[128] *Id.*, at 929.

[129] *Id.*, at 930.

[130] *Id.*, at 938.

**J.      Second federal habeas corpus petition**

On April 17, 2012,[131] Carnail, *pro se*, filed this present petition for habeas relief.[132]

The petition raises the following ground of relief:

> **GROUND ONE:** The Guilty Plea was not knowingly, intelligently and voluntarily made.

> **Supporting Facts:** Prior to the trial court correcting the Petitioner's initial void sentence, he moved to withdraw his plea as a pre-sentence motion and the trial court denied the motion.

## Analysis

**A.      Preliminary Observations**

Before proceeding further, I make the following preliminary observations.

1.      There is no dispute that Carnail is currently in state custody as a result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition. Thus, Carnail meets the "in custody" requirement of the federal habeas states vesting this court with jurisdiction over the petition.[133]

2.      There is a dispute as to whether this petition was timely filed under the applicable statute.

3.      There is also a dispute whether this is a second or successive petition for federal habeas relief as to this conviction and sentence.[134]

---

[131] Applying the prison mailbox rule, this is the earliest date on which he could have delivered it to the prison officials for mailing and, therefore, the date it is considered to have been filed. *See*, *Houston*, 487 U.S. at 270.

[132] ECF # 1.

[133] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[134] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

4.      Moreover, it appears that this claim has been totally exhausted in Ohio courts by virtue of having been presented through one full round of Ohio's established appellate review procedure.

5.      Finally, Carnail has not requested the appointment of counsel[135] or requested an evidentiary hearing to develop the factual bases of his claims.[136]

## B.      Standard of review

28 U.S.C. § 2244(b)(3)(A) requires that before a second or successive petition for a writ of habeas corpus is allowed to be filed in the district court, the applicant shall move in the appropriate circuit court of appeals for an order authorizing the district court to consider the habeas application.

The Supreme Court has held that Congress did not define the phrase "second or successive," as used to modify "habeas corpus application under section 2254."[137] The phrase does not simply "refer to all § 2254 applications filed second or successively in time."[138] The Supreme Court held in *Magwood v. Patterson* that where "there is a 'new judgment intervening between the two habeas petitions,'... an application challenging the resulting new judgment is not 'second or successive' at all."[139] But the court in *Magwood* declined to

---

[135] 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases.

[136] 28 U.S.C. § 2254(e)(2).

[137] 28 U.S.C. § 2244(b)(1)-(2).

[138] *Panetti v. Quarterman*, 551 U.S. 930, 944 (2007).

[139] *Magwood v. Patterson*, 561 U.S. 320, 341-42 (2010).

-25-

decide whether the second action could also challenge an original undisturbed sentence, because in that case the petitioner had not attempted to do so.[140]

The Sixth Circuit has elaborated on the standard for "second or successive" by stating that a petition is not considered a "second or successive" petition if it raises errors that "originate at resentencing and could not have been challenged at the original sentencing proceeding."[141]

## C.    Application of Standard

This is the second petition Carnail has filed challenging his conviction for rape. Carnail was resentenced in 2010, but only as to post-release control. The state appellate court reasoned that the trial court's 1999 judgment entry was only partially void. The rest of the sentence, not including the improper instructions regarding post-release control, remains effective. The state appellate court cited *State v. Fischer* and held that Carnail did not receive a *de novo* resentencing in 2010, and the trial court was correct to hold only a partial resentencing and not a *de novo* review.[142] Carnail argues in his traverse that *Fischer* was decided after he was sentenced and is, therefore, not properly applied. But the state appellate court cited *Fischer* as applicable Ohio law in its decision on July 14, 2011, and it is not for this Court to review a state court's determination of state law.

---

[140] *Id.* at 342.

[141] *Lang v. United States*, 474 F.3d 348, 353 (6th Cir. 2007).

[142] ECF # 10-3, at 896-97.

Thus, under Ohio law, the 1999 sentence remains effective except for the portion improperly informing Carnail of required post-release control. Carnail's asserted ground for relief in this petition does not concern the imposition of post-release control but, rather, the guilty plea entered in the 1999 judgment that he had previously challenged in his first federal habeas petition. Thus, this Court agrees with the State that this instant petition is successive.

According to 28 U.S.C. § 2244(b)(3)(A), before a second or successive petition for a writ of habeas corpus can be filed in the district court, the applicant shall move in the appropriate circuit court of appeals for an order authorizing the district court to consider the habeas application. Carnail has not complied with this requirement, and thus the Court should transfer the petition to the Sixth Circuit Court of Appeals.[143]

Although the petitioner argues that this case is similar to *Magwood*, the Court in that case did not decide if a petitioner could challenge his original conviction, in addition to his new sentence, without following the second and successive petition procedures set out in 28 U.S.C. § 2244(b)(3)(A).[144] Following the interpretation of Ohio law put forth by the state appellate court, Carnail here is trying to challenge his original 1999 sentence and, therefore, *Magwood* does not apply. The *Magwood* Court addressed a challenge to the new sentence and specifically stated that it was not deciding if an attack on the original conviction could be made without authorization of the circuit court.

---

[143] *In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012); *Barclay v. Tibbles*, No. 5:13 CV 124, 2014 WL 809197, at *3 (N.D. Ohio Feb. 28, 2014) (Lioi, J.).

[144] *Magwood*, 561 U.S. at 342.

As the Supreme Court precedent is not applicable here, this Court looks to the precedent set by the Sixth Circuit in *Lang*. The *Lang* court held that a petition could only avoid the requirement for a "second or successive" petition if it raised errors that "originate at resentencing and could not have been challenged at the original sentencing proceeding."[145] Carnail's ground for relief here did not originate at resentencing, but rather it challenges the guilty plea that resulted in the 1999 sentence. Thus this Court currently lacks jurisdiction over this petition as it qualifies as "second or successive" without authorization from the circuit court of appeals.

## Conclusion

For the reasons stated above, I recommend that the petition of E'Yen Carnail for a writ of habeas corpus be transferred to the United States Court of Appeals for the Sixth Circuit for consideration of certification to file it in this Court.

Dated: June 27, 2014                              s/ William H. Baughman, Jr.
                                                  United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.

---

[145] *Lang*, 474 F.3d at 353.

-28-