UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

|  |  |  |
|---|---|---|
| E'YEN CARNAIL, | : | CASE NO.: 1:12-CV-1042 |
|  | : |  |
| Petitioner, | : |  |
|  | : |  |
| v. | : | OPINION & ORDER |
|  | : | [Resolving Doc. 22] |
| MARGARET BRADSHAW, Warden, | : |  |
|  | : |  |
| Respondent. | : |  |
|  | : |  |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On September 7, 2016, Petitioner Eyen Carnail filed a motion for relief from judgment.[1] Carnail argues that this Court's transfer of his habeas petition to the Sixth Circuit as a second or successive petition was incorrect, and that he is entitled to the relief requested in his original petition.[2] For the reasons below, this Court **DENIES** Petitioner's motion.

### I. Background

In November 1999, Petitioner pleaded guilty to two counts of rape in state court and was sentenced to two consecutive life terms with parole eligibility after 10 years.[3] On July 22, 2002, Petitioner Carnail filed his first petition for habeas corpus relief under 28 § U.S.C. 2254.[4] The Court denied the petition.[5]

---

[1] Doc. 22. The Government opposes. Doc. 23. On September 29, 2016, Petitioner filed a motion to supplement his Rule 60 motion. Doc. 24. The Government opposed. Doc. 26. The Court granted the motion. Doc. 25.
[2] Doc. 22 at 1-2.
[3] *See, e.g.*, Doc. 22 at 4.
[4] Case No. 1:02-CV-01411, Doc. 1.
[5] Docs. 18, 19.

Case No. 1:12-CV-1042
Gwin, J.

On June 16, 2010, the Supreme Court of Ohio ordered that Petitioner Carnail be resentenced.[6] The Court found that because the sentencing judge failed to include a five-year term of post-release control in Carnail's sentence, the sentence was void under Ohio law.[7] Accordingly, the trial court resentenced Carnail and added a post-release control period to Carnail's sentence.[8]

On April 17, 2012, Carnail again petitioned for habeas corpus relief.[9] Petitioner argued that his guilty plea was not knowingly, intelligently, or voluntarily entered.

On June 27, 2014, Magistrate Judge William H. Baughman, Jr., filed a report and recommendation ("R&R") recommending that the writ be transferred to the Sixth Circuit for consideration as a successive petition.[10] This Court adopted the R&R on January 16, 2015.[11]

On June 30, 2016, the Sixth Circuit denied Petitioner's motion for authorization for this Court to consider a second or successive § 2254 petition.[12] The Sixth Circuit reasoned that Petitioner's state court resentencing did not create a new judgment in his case, but rather corrected a technical error.[13] Petitioner's second habeas petition was therefore subject to the filing requirements for a second or successive petition, and the Sixth Circuit concluded the petition did not meet that burden.[14]

---

[6] *State ex rel. Carnail v. McCormick*, 931 N.E.2d 110, 117 (Ohio 2010).
[7] *Id*. (citing Ohio Rev. Code 2967.28).
[8] *See, e.g.*, Doc. 22 at 5-6.
[9] Doc. 1. The Government opposed. Doc. 10. Petitioner filed a traverse. Doc. 14. This matter was before Judge Lesley Wells until September 15, 2016, when it was transferred to this Court.
[10] Doc. 15.
[11] Doc. 19.
[12] Doc. 21.
[13] *Id*. at 6.
[14] *Id*.

Case No. 1:12-CV-1042
Gwin, J.

On September 7, 2016 Petitioner filed a motion for relief from judgment.[15] Carnail argues that this Court's transfer of his habeas petition to the Sixth Circuit as a second or successive petition was incorrect, and that he is entitled to relief requested in his original petition.[16]

## II.     Legal Standard

Federal Rule of Civil Procedure Rule 60(b) names six circumstances in which a court may relieve a party from "a final judgment, order, or proceeding," including the following: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial . . . ; (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void . . . ; (5) the judgment has been satisfied, released or discharged . . . or (6) any other reason that justifies relief."[17] Such relief is disfavored "by public policy favoring finality of judgments and termination of litigation."[18]

Motions under Rule 60(b)(1-3) must be filed within one year from judgment.[19] Motions filed under Rule 60(b)(4-6) must be filed "within a reasonable time."[20]

## III.     Discussion

Petitioner seeks relief under Rule 60(b)(6).[21] The Court finds the motion is timely.[22]

---

[15] Doc. 22.
[16] Doc. 22 at 1-2.
[17] Fed. R. Civ. P. 60(b).
[18] *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 592 (6th Cir. 2002) (internal quotations and citation omitted).
[19] Fed. R. Civ. P. 60(c)(1).
[20] *Id*.
[21] Doc. 22 at 8. The Government argues, and the Court agrees, that Petitioner cannot obtain relief under Rule 60(b)(1-3) because his petition was filed September 7, 2016, one year and eight months after the Court's January, 15, 2015 judgment. Docs. 19, 22. The Government also argues that Petitioner has no claim under Rule 60(b)(4-5). Doc. 23 at 3-4. But Petitioner seeks relief only under Rule 60(b)(6). Doc. 22 at 8-9. Thus, the Court analyzes Petitioner's claim under Rule 60(b)(6) only.
[22] Petitioner's Rule 60(b)(6) motion was filed within two years of this Court's judgment. Docs. 19, 22. This delay is not unreasonable in the Sixth Circuit. *See, e.g.*, *Tyler v. Anderson*, 749 F.3d 499, 510 (6th Cir. 2014) (finding a 10-year delay between final judgment and Rule 60 motion unreasonable).

Case No. 1:12-CV-1042
Gwin, J.

Petitioner's motion centers on whether a partial resentencing "restarts the clock" and relieves a habeas petitioner of satisfying the second or successive petition requirements under 28 U.S.C. § 2244(b)(2). On June 30, 2016, the Sixth Circuit panel in Petitioner's case held that it does not.[23] On July 1, 2016, however, another Sixth Circuit panel held the opposite.[24]

Petitioner argues that the Sixth Circuit erred in his case, that the *Stansell* panel's decision was correct, and that the discrepancy between the two decisions demands that this Court consider his habeas petition on the merits.[25]

It is not this Court's place to determine which Sixth Circuit panel has the more compelling argument on the merits. Rather, this Court decides whether conflicting holdings by two Sixth Circuit panels—one of which specifically denied Petitioner's request for relief—justifies reopening the case under Rule 60(b)(6).

Relief under Rule 60(b)(6) is limited to "unusual and extreme situations where principles of equity *mandate* relief."[26] The Court does not find those circumstances present here.

In this case, the Sixth Circuit panel reasoned that Carnail remained subject to 28 U.S.C. § 2244(b)(2)'s second or successive petition requirements. Two days later, a different Sixth Circuit panel published a decision finding the opposite conclusion.[27] While this scenario is unique, it is not so extreme to warrant 60(b)(6) relief.

---

[23] Doc. 21.
[24] *In re Stansell*, 828 F.3d 412, 416–17 (6th Cir. 2016) (holding that imposition of a post-release control period on resentencing is a new judgment for purposes of § 2254 and "restart[s] the second or successive [habeas petition] count").
[25] Doc. 22 at 10-15.
[26] *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)).
[27] *Stansell*, 828 F.3d at 416-417.

Case No. 1:12-CV-1042
Gwin, J.

It "is well established that a change in decisional law is usually not, by itself, an 'extraordinary circumstance' meriting Rule 60(b)(6) relief."[28] Therefore, even considering the latter Sixth Circuit panel's decision new binding precedent, 60(b)(6) is not satisfied.

Habeas petitioners filing either a second or successive petition must receive Court of Appeals approval.[29] Carnail says the Sixth Circuit's arguably inconsistent opinions justify allowing another habeas petition. This argument should be made to the Court of Appeals. Without Court of Appeals approval, this Court does not have power to entertain this subsequent petition.

Therefore, for the reasons above, this Court **DENIES** Petitioner's motion.

IT IS SO ORDERED.


Dated: February 9, 2017            *s/         James S. Gwin*
                                   JAMES S. GWIN
                                   UNITED STATES DISTRICT JUDGE

---

[28] *Henness v. Bagley*, 766 F.3d 550, 557 (6th Cir. 2014) (citing *McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 750 (6th Cir. 2013); *Stokes v. Williams*, 475 F.3d 732, 735 (6th Cir. 2007)).
[29] 28 U.S.C. § 2244(b)(2).