UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

| | : | |
|---|---|---|
| E'YEN CARNAIL, | : | CASE NO. 1:12-CV-1042 |
| Petitioner, | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. 51] |
| MARGARET BRADSHAW, Warden | : | |
| Respondent. | : | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Respondent Warden Margaret Bradshaw objects to Magistrate Judge William H. Baughman's October 3, 2018 order granting Petitioner E'Yen Carnail's motion to file a petition for habeas corpus.

For the following reasons, the Court **SUSTAINS IN PART** and **OVERRULES IN PART** Respondent's objection.

## I. Background

In November 1999, Petitioner Carnail plead guilty to two rape counts in state court. He was sentenced to two consecutive life terms, with the possibility of parole after ten years.[1] On July 22, 2002, he filed a petition for habeas corpus under 28 U.S.C. § 2254, raising seven claims for relief. The Court denied his petition.[2]

On June 16, 2010, the Supreme Court of Ohio ordered the trial court to resentence Petitioner. Because Carnail's original sentencing judge failed to include a five-year post-

---

[1] Doc. 27.
[2] *Id.*

Case No. 1:12-cv-1042
Gwin, J.

release control period, the Ohio Supreme Court found that his original sentence was void.[3] The trial court subsequently resentenced Carnail, adding a post-release control period to his sentence.[4]

On April 12, 2012, Carnail, proceeding *pro* se, petitioned for habeas relief a second time.[5] This time, Carnail only raised one ground for relief—that his guilty plea was not knowingly, intelligently, and voluntarily made.[6] On January 16, 2015, the Court adopted Magistrate Judge Baughman's recommendation to transfer the petition to the Sixth Circuit for consideration as a successive opinion.[7] Petitioner appealed.

Before the Sixth Circuit, Petitioner argued that his petition was not actually a second or successive petition because his resentencing was a new judgment, making his second post-resentencing petition an original one. On June 29, 2016, the Sixth Circuit rejected Petitioner's argument, holding that the addition of post-supervision release to his sentence did not result in a new judgment.[8]

On July 1, 2016, two days after it denied Petitioner's motion, the Sixth Circuit issued its opinion in *In re Stansell*.[9] Considering nearly identical facts, the *Stansell* panel adopted the position that Carnail's panel had rejected two days earlier. The *Stansell* panel held that the imposition of post-release control on resentencing "created a new judgment for purposes of second or successive assessment."[10] Carnail submitted a petition to the

---

[3] *State ex rel. Carnail v. McCormick*, 931 N.E.2d 110, 117 (Ohio 2010).
[4] Doc. 27.
[5] Doc. 1.
[6] *Id.*
[7] Doc. 19.
[8] Doc. 21.
[9] 828 F.3d 412 (6th Cir. 2016).
[10] *Id.* at 418.

Case No. 1:12-cv-1042
Gwin, J.

Sixth Circuit to rehear his case in light of *Stansell*, but the Clerk of Court declined to file his rehearing petition under 28 U.S.C. §2244(b)(3)(E) and *In re King*.[11]

On September 7, 2016, Petitioner moved this Court for relief from judgment under Federal Rule of Civil Procedure 60(b)(6), arguing that the discrepancy between the Sixth Circuit's decisions in his own case and *Stansell* justified setting aside the judgment.[12] The Court denied his motion,[13] and Petitioner appealed.[14]

On April 16, 2018, the Sixth Circuit held that the Court did not have jurisdiction to consider Carnail's Rule 60(b) motion.[15] However, it also found that the Sixth Circuit clerk erred by refusing to file his petition for rehearing. Given "the unusual and extraordinary circumstances present here—both our intervening decision in *In re Stansell* issued just two days after we denied Carnail permission to file a second or successive habeas petition and the fact that Carnail was erroneously prevented from petitioning for rehearing on this very issue," the Sixth Circuit panel *sua sponte* chose to rehear Carnail's challenge to its determination that his petition was successive. The panel vacated the Court's Rule 60(b) denial and remanded "the matter with instructions to consider Carnail's petition with as an initial petition."[16]

On remand before Magistrate Judge Baughman, Carnail (now represented by appointed counsel) moved for leave to file a writ of habeas corpus after defendant review.[17]

---

[11] 190 F.3d 479 (6th Cir. 1999) (holding that 28 U.S.C. §2244(b)(3)(E) prohibits a habeas petitioner from petitioning for rehearing from a denial of an authorization to file a second or successive habeas petition).
[12] Doc. 22.
[13] Doc. 27.
[14] Doc. 35.
[15] *Id.* at 7.
[16] *Id.* at 8.
[17] Doc. 48.

Case No. 1:12-cv-1042
Gwin, J.

Ohio opposed the request for leave.[18] On September 27, 2018, Petitioner filed a petition arguing nine grounds for relief.[19]

On October 3, 2018, Magistrate Judge Baughman made a marginal judgment entry granting Petitioner Carnail's motion to file a writ of habeas corpus, stating that it "is deemed filed" as of September 27, 2018. Respondent Bradshaw objects to this order.[20]

## II. Discussion

The Court's review of non-dispositive magistrate judge orders is limited. The Court only overturns the magistrate's determination where it is "clearly erroneous or contrary to law."[21]

Respondent Bradshaw argues that the Magistrate Judge's order filing Carnail's petition was mistaken, because the September 27, 2018 petition raises eight new grounds for relief that were not included in his 2012 petition. Respondent contends that adding these eight grounds is a petition amendment, and that this amendment violates the one-year statute of limitations for habeas cases.[22] Petitioner Carnail responds that because the Sixth Circuit remanded the matter with instructions to consider Carnail's petition as an original habeas petition, he can now raise the grounds and arguments in his current petition.

---

[18] Doc. 49.
[19] Doc. 50.
[20] Doc. 51. The objection is captioned as "Respondent's Appeal From (Objections to) the Magistrate Judge's Order Granting Motion for Discovery (Fed. R. Civ. P. 72(A))." This is puzzling, because the Magistrate Judge did not grant a motion for discovery.
[21] Fed. R. Civ. P. 72(a).
[22] See 28 U.S.C. § 2244(d)(1)(A) (habeas petition must be brought within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review").

-4-

Case No. 1:12-cv-1042
Gwin, J.

Essentially, the parties dispute the effect of the Sixth Circuit's remand—Petitioner Carnail says that it wipes the slate clean, and Respondent Bradshaw says that it only opens the door for the Court to consider the post-resentencing petition as originally filed.

The Court agrees with Respondent. The Sixth Circuit stated that it "remand[s] the matter with instruction to consider Carnail's petition as an initial habeas petition."[23] The petition referenced in this command is Carnail's post-resentencing petition, because that is the petition the Sixth Circuit erroneously deemed second or successive. This order did not, by its terms, permit Carnail to restart the habeas process afresh.

Thus, the Court construes Carnail's motion to file a new petition as a motion to amend his petition. Because the Antiterrorism and Effective Death Penalty Act's one-year limitation period has long passed, Carnail can only add new grounds if the amendments "relate back" under Federal Rule of Civil Procedure 15(c).[24]

In *Mayle v. Felix*, the Supreme Court held that the Act's one-year statute of limitations narrows Rule 15(c)'s relation-back doctrine.[25] The court held that an amended petition "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."[26] The court further explained that "relation back depends on the existence of a common core of operative facts uniting the original and newly asserted claims."[27]

---

[23] Doc. 35 at 8.
[24] *See* Fed. R. Civ. P. 15(c).
[25] 545 U.S. 644 (2005).
[26] *Id.* at 650.
[27] *Id.* at 659 (internal quotation marks omitted).

Here, the sole ground for relief stated in Carnail's 2012 post-resentencing petition is that his guilty plea was not knowingly, intelligently, and voluntarily made. The facts cited in support are "[p]rior to the trial court correcting the Petitioner's initial void sentence, he moved to withdraw his plea as a pre-sentence motion and the trial court denied the motion."[28]

The Court finds that two claims properly relate back to this initial ground. In part of Ground Two, Carnail claims his trial attorney rendered constitutionally ineffective assistance by "failing to properly inform petitioner of the consequences of his guilty plea."[29] And in Ground Eight, Carnail claims that his attorney was ineffective because of "trial counsel's coercive tactics to extract a guilty plea from petitioner."[30]

The relevant facts to these claims—presumably, what Carnail's trial counsel told him about the consequences of his plea and whatever "tactics" he allegedly used to arguably coerce Carnail into pleading guilty—are the same type of facts that are relevant to whether his plea was knowingly, intelligently, and voluntarily made. Magistrate Judge Baughman's order was not clearly erroneous or contrary to law with respect to these two claims.

However, the other grounds asserted in Carnail's new petition do not relate back. They challenge the trial court's subject-matter jurisdiction,[31] the trial court's finding that Petitioner was a sexual predator under O.R.C. § 2950.01,[32] and his trial counsel's

---

[28] Doc. 1 at 4.
[29] Doc. 50 at 17. The remainder of Ground 2 challenges his counsel's effectiveness on the ground that he allowed Petitioner Carnail to stipulate to being a "sexual predator" under Ohio Revised Code § 2950.09. This claim does not relate back.
[30] *Id.* at 19.
[31] Ground Three.
[32] Ground Four.

Case No. 1:12-cv-1042
Gwin, J.

performance in matters unrelated to Petitioner's choice to plead guilty.[33] The Court finds that Magistrate Judge Baughman's order was contrary to law as to these new grounds for relief.

### III. Conclusion

For the foregoing reasons, the Court **SUSTAINS IN PART** and **OVERRULES IN PART** Respondent's objection.

IT IS SO ORDERED.

Dated: June 11, 2019   *s/   James S. Gwin*
　　　　　　　　　　　　JAMES S. GWIN
　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[33] Ground Five claims that Carnail's counsel was ineffective because he allowed Carnail to stipulate to being a sexual predator. Ground Six claims that his counsel was ineffective because he failed to produce certain witnesses on Carnail's behalf. Ground Nine claims that the Ohio Court of Appeals erred by not finding that his trial counsel was ineffective.