IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| E'YEN CARNAIL, | ) | CASE NO. 1:12-CV-01042 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES GWIN |
| | ) | |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| MARGARET BRADSHAW, | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Respondent. | ) | |

## Introduction

Before me by referral[1] is a petition for a writ of habeas corpus under 28 U.S.C. § 2254 by E'Yen Carnail,[2] as amended.[3] Carnail is serving a sentence of two concurrent terms of life imprisonment at the Grafton Correctional Institution in Grafton, Ohio, plus a period of post-release control, as the result of his 1999 conviction by the Cuyahoga County Court of Common Pleas, as later modified, following guilty pleas to two counts of rape with a

---

[1] The matter was referred to me by United States District Judge James S. Gwin in a non-document order entered May 16, 2018.
[2] ECF No. 37.
[3] ECF No. 53.

1

sexual predator designation.[4] The State, following the filing of the original petition,[5] filed a return of the writ[6] along with the state court record.[7] Carnail filed a traverse.[8]

As will be further developed below, Carnail now has three grounds for habeas relief now pending that all relate to question of whether his guilty plea was knowing, intelligent and voluntary.

For the reasons that follow, I will recommend that the petition be dismissed.

## Facts

**A.     Background facts, plea, sentence, and first federal habeas petition**

The present petition has a long history, much of which has been extensively discussed previously.[9] The following recitation will not attempt to do so again in any great detail.

In 1999, Carnail signed a written statement to the East Cleveland police in which he admitted that he sexually touched two minor female cousins, aged six and nine.[10] Following

---

[4] ECF No. 12 at 34-35.
[5] ECF No. 1.
[6] ECF No. 10.
[7] ECF No. 12.
[8] ECF No. 14.
[9] I note in particular Magistrate Judge Hemann's 2006 R&R recommending that the first petition be dismissed in part an denied in part. Case No. 1:02-cv-1411, ECF No. 14, R&R adopted, ECF No. 18. The R&R extensively discusses the background facts, procedural history and plea colloquy, as well as setting out the findings of the state courts on the issues that were presented to them for review.
[10] ECF No. 12 at 381.

his indictment on multiple counts of rape, kidnapping and gross sexual imposition,[11] and pursuant to a plea deal,[12] Carnail plead guilty to two counts of rape.[13] He was then sentenced to two consecutive life terms, with the possibility of parole after ten years.[14] In 2002, Carnail filed a petition for federal habeas relief raising seven claims for relief,[15] which petition was dismissed in part and denied in part.[16]

**B.    2010 resentencing**

After Carnail appealed from the trial and appellate courts 'denial of a 2009 petition for a writ of mandamus asking for a new sentencing hearing because no language regarding post-release control was present in his original sentence, in 2010, the Supreme Court of Ohio overruled the lower courts and ordered that Carnail be re-sentenced,[17] finding that the sentence was void because the sentencing judge failed to include a five-year term of post-release control.[18]

Just prior to that ruling, Carnail, *pro se*, had attempted to withdraw his guilty plea.[19] Later that year, now represented by counsel and after the decision of the Ohio Supreme Court ordering a re-sentencing, Carnail appeared in court for that re-sentencing and to

---

[11] *Id.* at 11.
[12] *Id.* at 34-35.
[13] ECF No. 53 at 1.
[14] *Id.* at 18.
[15] Case No. 1:02-cv-1411, ECF No. 1.
[16] ECF No. 18.
[17] *State ex rel. Carnail v. McCormick*, 931 N.E. 2d 110, 117 (Ohio 2010).
[18] *Id.*
[19] ECF No.10, Attachment at 840.

3

participate in an oral argument as to withdrawing his plea.[20] After hearing argument on the motion, the trial court on July 1, 2010, denied the motion to withdraw the plea and sentenced Carnail to the same prison term as before – concurrent life sentences on the two rape counts – and added the provision that he would be required to serve five years of post-release control for each sentence.[21]

## C. Direct appeal from the 2010 resentencing

### (1) Court of appeals

On August 20, 2010, Carnail, through counsel, timely[22] filed an appeal from his re-sentencing.[23] In his merit brief, Carnail raised two assignments of error:

> 1. The trial court's plea colloquy was insufficient, and the guilty pleas must be vacated.
>
> 2. The trial court erred in not permitting Mr. Carnail to withdraw his guilty plea in light of his representation that his plea was based on misinformation from counsel. Alternatively, an evidentiary hearing should have been conducted in the regard.[24]

The State filed a brief in opposition[25] and, on July 14, 2011, the Ohio appeals court affirmed the trial court's judgment. In that opinion, the Ohio appellate court initially noted that during the original proceedings, Carnail was advised of post-release control after the

---

[20] *Id*. at 841.
[21] *Id*.
[22] Direct appeals in Ohio must be filed within
[23] ECF No. 10, Attachment at 843.
[24] *I'd.*
[25] *Id*. at

first plea colloquy and before the second, with the only error being that the trial judge did not put that into the sentencing entry.[26]

The Ohio appeals court then noted that prior to a recent Ohio Supreme Court case of *State v. Fisher*,[27] when a trial court failed to include post-release control in a sentence, the court was required to vacate the defective sentence and conduct a *de novo* sentencing hearing.[28] But, after *Fisher*, the entire sentence is no longer vacated in such circumstances, but only the particular defect of failing to include post-release control in the sentencing entry.[29] And since Carnail had direct notice of the presence of post-release control in the re-sentence by virtue of the Supreme Court's order of re-sentencing, and since the re-sentencing hearing was limited to "the singular purpose" of adding that element to the sentencing entry, the trial court's limited, as opposed to *de novo*, re-sentencing hearing "properly conformed to the mandates of the writ [of mandamus]."[30]

### (2) *Supreme Court of Ohio*

On August 29, 2011, Carnail, through counsel, timely[31] filed a notice of appeal with the Supreme Court of Ohio.[32] In the brief, Carnail raised seven propositions of law:

---

[26] *Id.* at 892.
[27] 128 Ohio St. 3d 92 (2010).
[28] ECF No. 10, Attachment at 896.
[29] *Id.* at 896-97.
[30] *Id.*
[31] Appeals to the Supreme Court of Ohio must be filed within 45 days of
[32] ECF No. 10, Attachment at 902.

5

  1. A holding from the Supreme Court of Ohio that a sentence is void is the law of the case and cannot be ignored on remand, even when the Ohio Supreme Court subsequently holds in a different case that the same sentence is not void.

  2. A motion to withdraw a guilty plea made prior to the imposition of a complete sentence is a pre-sentencing motion that should be liberally granted under Crim. R. 32.1.

  3. Principles of *res judicata* and collateral estoppel do not preclude a trial court from considering a motion to withdraw a plea of guilty when a case has been remanded from an appellate court because the sentence has never been fully imposed.

  4. Principles of res judicata and collateral estoppel do not preclude a trial court from considering a motion to withdraw a guilty plea that is based, even in part, on issues not previously raised on direct appeal.

  5. A plea colloquy that makes no mention of the possible fine that could be imposed is insufficient as a matter of law.

  6. A plea colloquy that fails to advise the defendant regarding the maximum post-release control term is insufficient as a matter of law.

  7. When a motion to withdraw a guilty plea is premised upon representations that trial counsel mis-advised the defendant prior to the entry of the plea, a trial court must hold a hearing to determine if the defendant was denied the effective assistance of counsel.[33]

The State did not file a responsive brief and, on November 16, 2011, the Supreme Court of Ohio denied leave to appeal and dismissed the appeal.[34] Carnail then moved for reconsideration.[35] On January 18, 2012, that motion was denied by the Ohio Supreme Court.[36] The record does not show that Carnail then sought a writ of certiorari from the Supreme Court of the United States.

**D.** **Second (present) federal habeas corpus petition**

---

[33] *Id.* at 904.
[34] *Id*. at 930.
[35] *Id*. at 931.
[36] *Id*. at 936.

6

In April 2012, Carnail, *pro se*, timely[37] filed the present petition for federal habeas relief, raising as the single ground for relief that the guilty plea was not knowingly, intelligently or voluntarily made.[38]

In 2015, that petition was transferred to the Sixth Circuit to consider if it was a second or successive petition.[39] At first, on June 26, 2016, the Sixth Circuit held that the 2015 petition was a second petition concerning the original sentence.[40] However, just two days later, on substantially similar facts, another panel of the Sixth Circuit adopted the position Carnail's panel had rejected two days earlier and held that imposition of post-release control at re-sentencing resulted in a new judgment for purposes of assessing a second or successive petition.[41]

The discrepancy between these cases prompted Carnail to move the Sixth Circuit to rehear his case, but the Sixth Circuit Clerk declined to file the petition for rehearing, citing precedent that bars a habeas petitioner from obtaining a rehearing from the denial of an authorization to file a second of successive petition.[42]

During this time, Carnail also moved this Court under Federal Rule of Civil Procedure 60(b)(6) for relief from its previous judgment transferring the matter to the Sixth

---

[37] 28 U.S.C. § 2254(b). The direct appeal from the resentencing ended in January 2012 and the present petition was filed in April 2012.
[38] ECF No. 1.
[39] ECF No. 19.
[40] ECF No. 21.
[41] *In re Stansell*, 828 F.3d 412, 418 (6th Cir. 2016).
[42] See, ECF No. 53 at 2-3.

7

Circuit, arguing that the discrepancy between the Sixth Circuit's judgment in his case and in the Stansell case two days later justified setting aside the judgment.[43] This Court denied the motion[44] and Carnail appealed.[45]

On April 16, 2018, the Sixth Circuit ruled that although the district court had no jurisdiction to consider the motion to reconsider, the Sixth Circuit clerk erred by failing to file the petition for rehearing in that Court.[46] It further ruled that given the "unusual and extraordinary circumstances" of the case, the Sixth Circuit would *sua sponte* rehear Carnail's challenge to the Sixth Circuit's original determination that the his petition was successive.[47] Thus, the Sixth Circuit vacated the order of this Court denying the motion to reconsider and remanded the matter with instructions to consider Carnail's 2012 petition as an initial petition.[48]

Following that remand and later in 2018 Carnail attempted to file yet another version of his 2012 habeas petition, this time asserting nine grounds for relief.[49] As eventually determined by Judge Gwin,[50] that 2018 petition/filing was allowed as an amendment to the 2012 petition as to only two new claims that relate back to the initial single ground of an invalid guilty plea asserted in 2012:

---

[43] ECF No. 22.
[44] ECF No. 27.
[45] ECF No. 35.
[46] *Id*. at 6.
[47] *Id.* at 7.
[48] *Id*. at 8.
[49] ECF No. 50.
[50] ECF No. 53.

      1.    Trial counsel was constitutionally ineffective for failing to inform Carnail as to the consequences of his guilty plea.[51]

      2.    Trial counsel was constitutionally ineffective because he used coercive tactics to extract a guilty plea from Carnail.[52]

## Analysis

**A.    Preliminary observations**

Before proceeding further, I make the following preliminary observations:

1.    There is no dispute that Carnail is currently in custody of the State of Ohio as a result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition. Thus, he meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[53]

2.    There is no dispute that the petition was timely filed pursuant to the applicable statute.[54]

3.    As is described above, this petition has been ruled to be not a second or successive petition from the same conviction and sentence.[55]

4.    Subject to the limitations that will be set out below, it appears that all claims have been totally exhausted by reason of having been raised in Ohio courts through one round of Ohio's established appellate review procedure.[56]

---

[51] ECF No. 50 at 17.
[52] *Id*. at 19.
[53] 28 U.S.C. § 2254 (a).
[54] 28 U.S.C. § 2254(d)(1). Carnail's direct appeal from the re-sentencing that imposed post-release control ended on January 18, 2012 and the present federal habeas petition was filed in April 2012. Thus, it was timely.
[55] 28 U.S.C. § 2254(b).
[56] *Id*.

5.  Finally, Carnail is represented by appointed counsel.[57] Although he has moved for an evidentiary hearing,[58] I recommend that no such hearing is needed because the record itself precludes granting habeas relief.[59]

## B. The alleged lack of a knowing, voluntary and intelligent plea/ineffective assistance of counsel

I both the original 2012 petition[60] and the amendment[61] Ground One is stated as follows:

> The plea was not knowingly, intelligently and voluntarily made, and prior to the correction of the petitioner's initial void sentence he moved to withdraw his plea and was denied.[62]

The amendment argues generally that the motion to withdraw, which was submitted before the re-sentencing that included the post-release control, was based on Carnail being "unaware of the constitutional rights he was sacrificing and the potential sentence he was agreeing to in his guilty plea."[63] Carnail further asserts that in accepting the plea the court "deprived Mr. Carnail of his constitutional right to a jury trial and unfairly labeled him a sexual predator."

---

[57] See, ECF No. 50.
[58] *Id*. at 1.
[59] *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).
[60] ECF No. 1.
[61] ECF No. 50.
[62] ECF No. 1 at 4; ECF No. 50 at 16.
[63] ECF No. 50 at 17.

10

As noted above, Judge Gwin also allowed an amendment to claim that trial counsel was ineffective for not properly informing Carnail of the consequences of his plea and for using coercive tactics to induce the plea.[64]

I begin the analysis by re-establishing how these arguments were presented to the Ohio courts and in the original federal habeas petition. To begin, Carnail's appeal from the trial court's denial of the motion to withdraw the guilty plea essentially argued that the plea colloquy was insufficient and that the plea itself was induced by misrepresentations by counsel.[65]

On review, the Ohio appeals court also characterized this claim as arising because, prior to resentencing, the trial court "failed to advise [Carnail] that he would be subject to a mandatory term of post-release control and thereby failed to meet the requirements of Crim. R. 11. [Carnail] insists that this inaccuracy prevented his plea from being knowingly, intelligently and voluntarily entered."[66] The Ohio court further stated that Carnail's claim here also asserts that "he was not informed of potential fines and also contends that misinformation from counsel was the catalyst for entering the guilty plea …."[67]

In its decision, the appeals court initially noted, as mentioned earlier, that under Ohio law when the only defect in a sentence is a failure to properly impose post-release controls, a re-sentencing for that purpose does not require a complete voiding of the earlier

---

[64] ECF No. 53 at 6.
[65] ECF No. 10, Attachment at 864.
[66] *Id*. at 891.
[67] *Id*.

11

sentence followed by a *de novo* sentencing hearing, but rather only the offending part of the sentence is set aside.[68] Here, the court concluded, at the re-sentencing, Carnail had actual notice that post-release controls were part of the re-imposed sentence.[69] It further concluded that, due to the limited nature of the re-sentencing, *res judicata* bars Carnail from raising other issues pertaining to the plea that either were raised before or could have been raised before as relates to the original plea.

Here, the State asserts that this ruling by the Ohio appeals court is first an application of state law that cannot be challenged in a federal habeas proceeding.[70] Simply put, federal habeas relief "does not lie for errors of state law."[71] The federal court is bound by a state court's interpretation of state law and procedure.[72] Thus, this Court must accept as Ohio law the state court finding that a re-sentencing solely to include the imposition of post-release control is a limited proceeding that does not require a *de novo* sentencing hearing. It must also accept that Ohio's *res judicata* rule precluded Carnail from now raising issues based on the events of the initial plea colloquy that either were asserted then or could have been.

In the resolution of the first federal habeas petition, Judge Wells found that "Mr. Carnail's claims regarding the voluntariness of his guilty plea, ineffective assistance of

---

[68] *Id.* at 896.
[69] *Id.* at 898.
[70] ECF No. 10 at 25. The State also raised a timeliness challenge that has been made moot by the Sixth Circuit order remanding this case.
[71] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).
[72] *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987).

counsel and whether his counsel coerced him into accepting a guilty plea are insufficient on the merits."[73] Judge Wells observed that Carnail confessed to the offense and that confession was ruled admissible.[74] In such circumstances as where the defendant confesses, the conviction rate is "extremely high."[75]

Moreover, "Carnail told the judge during the plea colloquy that his plea was not induced by any threats. He cannot now claim he was, in fact, induced to plead guilty by his attorney's threats."[76] Further, "Ohio mandates a term of imprisonment of life with a possibility of parole after ten years for the rape of a minor under the age of 13."[77] To that point, Carnail's unspecific claim that his counsel was ineffective because he coerced Carnail by informing him of "the worst possible outcome" must be understood in light of the above cited Ohio law and by Judge Wells 'decision rejecting this claim that noted counsel for a defendant might well be ineffective for not informing the client of the maximum sentence possible.[78]

Thus, Carnail has already raised and lost the issue that his guilty plea was invalid because his trial counsel was ineffective or coercive. To the extent that he now seeks a re-litigation of the same claim, that is barred by *res judicata*. To the extent he seeks to expand the claim with related matters that could have been raised earlier, other than the failure of

---

[73] Case No. 1:02-cv-1411, ECF No. 18 at 8-12.
[74] *Id*. at 9-10.
[75] *Id*. at 10.
[76] *Id*. at 11.
[77] *Id*.
[78] *Id*.

13

the court to impose post-release control, those added claims are also barred by *res judicata*. The issue of invalid plea and/or ineffective assistance as it relates to lack of knowledge of post-release control was made moot by the re-sentencing where that issue as addressed on the record.

## Conclusion

For the reasons stated, the petition should be dismissed in part because its claims are procedurally defaulted by reason of the Ohio *res judicata* rule, invoked by the Ohio appeals court. Carnail has neither shown cause for that default nor prejudice arising from any failure of this Court to consider the claims. Further, the petition should be dismissed in part because, to the degree that the merits of the claims were properly before this Court before, they were resolved against Carnail and so are now moot.

IT IS SO RECOMMENDED.

Dated: June 8, 2021                                      s/William H. Baughman Jr.
                                                         United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[79]

---

[79] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh g denied*, 474 U.S. 1111 (1986).